[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MEMORANDUM OF DECISION
In the underlying action, the plaintiff is suing Devon Post No. 7788 and the individual defendants Robert Janes and Craig Dunna for their alleged negligence in an altercation outside the Devon Post No. 7788 Hall in which the plaintiff suffered injuries. Devon Post No. 7788, Robert Janes and Craig Dunna (hereinafter collectively known as "Devon") have filed a self titled "apportionment" complaint against Thomas MacDaniel, William MacDaniels and Gary Feathers ("apportionment defendants") in which Devon claims that the apportionment defendants should be apportioned as to liability.
The apportionment defendants have now filed individual motions to dismiss the apportionment complaint on the ground that there is insufficient service of process, lack of personal jurisdiction and lack of subject matter jurisdiction. Specifically, the apportionment defendants argue that the apportionment complaint is actually an indemnification complaint. CT Page 14209 In support of this argument, the apportionment defendants quote language from the apportionment complaint that states that "if the apportionment plaintiffs are held liable to the plaintiff pursuant to the plaintiff's complaint then the apportionment defendant[s] . . . [are] liable to indemnify the apportionment plaintiffs for any such damages in that it was the active and primary negligence of the apportionment defendant[s] . . . which was the direct and immediate cause of the incident and damages, if any resulting to the plaintiff." Since Devon did not receive the court's permission to cite additional parties as required by General Statutes § 52-102a the apportionment defendants argue that the apportionment defendants were improperly served and that the court lacks jurisdiction to hear the present case.
Devon argues that the language in the complaint concerning indemnification is a mere clerical error, and that the complaint in question is an apportionment complaint filed pursuant to §52-102b.[1] As such, Devon has moved for the court's permission to file a new apportionment complaint that removes the improper indemnification language. The apportionment defendants, however, object to the request to amend the complaint and argue that any such attempt would be in contravention of General Statutes §52-102b, which mandates that apportionment complaints be served within 120 days of the return date. In response to this argument, Devon argues that the revised apportionment complaint relates back to the service of the original complaint and thus is within the time confines set forth by General Statutes § 52-102b.
The original apportionment complaint sets forth an indemnification cause of action within an apportionment claim and is therefore improper. See Perez v. Constantiano, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328698 (August 18, 1997, Skolnick, J.). The amended pleading, however, appears to be in accordance with an apportionment complaint.
The question before the court is whether this amended apportionment complaint is timely or whether it is beyond the 120 day time limit set by § 52-102b.
At least one superior court has held that an amended apportionment complaint is timely even if it is beyond the 120 day period of § 52-102b as long as the amended complaint relates back to the original complaint. Nordlund v. Dabb,
Superior Court, judicial district of Danbury, Docket No. 330963 (March 30, 1999, Radcliffe, J.). Citing the relation back CT Page 14210 doctrine as discussed in Gurliacci v. Mayer, 218 Conn. 531
(1991), the Nordlund court compared the 52-102b statute to a traditional statute of limitations and found that "there is no reason why a different rule should apply to an amended complaint brought in a situation subject to the provisions of 52-102b, than that which applies to an amended complaint filed subsequent to the expiration of an applicable statute of limitation." Nordlundv. Dabb, supra, Superior Court, Docket No. 330963.
The reasoning in the Nordlund decision is logical and persuasive in the present case. Accordingly, the time period set forth in 52-102b should not bar the amended complaint as long as the amended complaint does not set forth a new cause of action, but rather arises out of the conduct, transaction or occurrence set forth, or attempted to be set forth in the original pleading. See Gurliacci v. Mayer, supra, 218 Conn. 548.
"If a new cause of action is alleged in an amended complaint, it will speak as of the date when it is filed. (Citations omitted.) Connecticut National Bank v. D'Onorfio,46 Conn. App. 199, 208, 699 A.2d 237
(1997). "A cause of action must arise from a single group of facts . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ." (Citations omitted.) Id. "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Gurliacci v. Mayer, supra, 218 Conn. 546.
Comparing the original complaint with the amended complaint, the court finds that the cause of action is essentially the same. Despite the apportionment defendants' assertion that the original complaint is based on indemnification and not apportionment, it is evident that the amended complaint does relate back to the original one. While each count of the original complaint does contain a paragraph seeking "indemnification" from the apportionment defendants, it is, nonetheless, clear that Devon is seeking apportionment as to any third-parties and not indemnification from these third-parties. The original complaint constantly refers to apportionment with the one exception previously quoted. Moreover, as per § 52-102b, the prayer for relief explicitly states that Devon is seeking "apportionment of CT Page 14211 liability" and not indemnification and further clarifies the nature of the complaint. In light of these consistencies, Devon's explanation of a clerical error as the cause for the inclusion of some indemnification language is probable and credible.
The amended complaint eliminates the improper indemnification language. Aside from this change, the amended complaint mirrors the original complaint and presents the same factual basis for its cause of action. Thus, the amended complaint relates back to the time the original complaint was filed and is within the time period set forth in § 52-102b.
Accordingly, that Devon's motion to amend the apportionment complaint is granted and the apportionment defendants' motion to dismiss is denied.
Grogins, J.